# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>UAL CORPORATION, et al.,<br><br>    Debtors.<br><br>UNITED AIRLINES, INC.,<br><br>    Plaintiff-Appellee,<br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>    Intervenor-Appellee,<br><br>v.<br><br>U.S. BANK N.A., as Indenture Trustee of Transactions 1995-A JETS, Indenture Trustee of 1993-A PTC, and Indenture Trustee of 1993-C PTC; and THE BANK OF NEW YORK, as Indenture Trustee of the 1995-A Jets Transaction,<br><br>    Appellant. | No: 04 C 8304<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Appellees, United Air Lines, Inc. and the Official Committee of Unsecured Creditors, sought and obtained a Temporary Restraining Order ("TRO") in the bankruptcy court against Appellants, U.S. Bank N.A. and the Bank of New York. The Appellees contended that Appellants had, in violation of certain antitrust laws, joined together with other aircraft financiers to force United to pay higher amounts in renegotiations for certain aircraft. United sought to pay

lower amounts for the aircraft, and Appellants threatened to repossess the aircraft around the Thanksgiving holiday. The TRO prevented Appellants from repossessing the aircraft, and Appellants appealed. Presently before the Court is the Appellees' Motion to Dismiss the Interlocutory Appeal of the Temporary Restraining Order for Lack of Jurisdiction. For the following reasons, that motion is granted.

## BACKGROUND

The facts, for the purposes of this motion, are as follows. After United filed for bankruptcy, it sought to renegotiate the financing amounts it paid on its aircraft fleet, pursuant to 11 U.S.C. § 365. Because United was planning to reduce the size of its fleet, it assumed the financiers would be competing against each other to offer United favorable pricing. However, the financiers of approximately thirty percent of United's fleet, including Appellants, banded together to force United to pay higher amounts for the aircraft.

Appellants sent out notices that they intended to immediately repossess fourteen aircraft. These repossession notices were sent out on November 23 and 24, 2004 – at the time of the Thanksgiving holiday. A repossession of these aircraft would have a disruptive effect on United and travelers.

United, on November 26, 2004, thus filed an adversary complaint in the bankruptcy court against Appellants and moved for a TRO. The Official Committee of Unsecured Creditors successfully moved to intervene as a Plaintiff, as well. Appellees' Complaint sought four types of relief: (1) a declaration that Appellants' conduct violated the antitrust laws, (2) an injunction

prohibiting Appellants and the other financiers from banding together to seek higher amounts for the aircraft or repossess the aircraft, (3) an injunction preventing Appellants from repossessing the fourteen aircraft, and (4) further compensatory relief.

A contested hearing was held on United's motion for a TRO on the same day the complaint was filed. United presented two witnesses. (Appellees' Ex. A, Tr. of November 26, 2004, at 24). Thereafter, the bankruptcy court discussed the relevant facts and factors in deciding whether to grant this TRO. (Appellees' Ex. A, Tr. of November 26, 2004, at 139-144). The bankruptcy court then granted the TRO and modified Appellees' proposed order. (Appellees' Ex. A, Tr. of November 26, 2004, at 153-154).

Regarding the issue of irreparable harm to the Appellants if enjoined from possession of the aircraft, the bankruptcy court stated that the value of the aircraft would not diminish before the preliminary injunction. (Appellees' Ex. A, Tr. of November 26, 2004, at 148-149). The bankruptcy court also noted "it may very well be that at the conclusion of the [preliminary injunction hearing], that's [sic] the determination I make that there's not a showing of a likelihood of success on the merits, the TRO is dissolved, and the damages have been suffered and there would be an opportunity for that to be proven up and assessed." (Appellees' Ex. A, Tr. of November 26, 2004, at 150).

The parties agreed to schedule a preliminary injunction hearing on December 15, 2004. (Appellees' Ex. A, Tr. of November 26, 2004, at 145, 151-152). The written order was dated November 26, 2004, and provided that a preliminary injunction hearing would be held on December 15, 2004.

After the TRO was entered and before the preliminary injunction hearing could be held, Appellants moved to dissolve the order; that motion was denied. Thereafter, Appellants agreed to postpone the preliminary injunction hearing and extend the TRO, pending resolution of a related appeal by Appellants.

## ANALYSIS

Appellants argue that this appeal should not be dismissed because the order entered by the bankruptcy court is not a typical temporary restraining order and is appealable as a matter of right under 11 U.S.C. § 158; and if the TRO is not appealable as a matter of right, exceptional circumstances exist to hear the appeal concerning the bankruptcy court's jurisdiction and power to enter the TRO.

*Appealable as of Right*

Generally, a TRO is not appealable as a matter of right. *E.g., County, Mun. Employees' Supervisors' & Foremens' Union Local 1001 v. Laborers' Int'l Union*, 365 F.3d 576, 578 (7th Cir. 2004). The label attached to an order, though, is not controlling on the issue of appealability. *Geneva Assurance Syndicate, Inc. v. Med. Emergency Servs. Assocs.*, 964 F.2d 599, 600 (7th Cir. 1992) (*Geneva Assurance*). "The essence of a [TRO] is its brevity, its *ex parte* character, and (related to the second element) its informality." *Geneva Assurance*, 964 F.2d at 600.

Appellants claim that the order entered by the bankruptcy court is not a "conventional temporary restraining order" because it does not expire by its terms within ten days of issuance but, rather, is unlimited in duration; and the restraint imposed is of an indefinite temporal extent. Appellants also contend the order was not a TRO because: on notice, it was entered after a

4

contested hearing with witnesses; it is not endorsed with the hour and date of issuance and does not define the injury and say why it is irreparable; and the bankruptcy court has fully expressed itself on the issue. Appellants also argue that serious and potentially irreparable consequences to the Appellants will occur without consideration of an appeal of the TRO.

Appellants first argue that the order did not expire within the ten-day period proscribed by Federal Rule of Civil Procedure 65(b) but, instead, was unlimited in duration. However, Rule 65(b) also allows the extension of a TRO, if good cause exists, for another ten days. The bankruptcy court, without objection by the parties, originally set a preliminary injunction hearing for nineteen days after the entry of the TRO. As Appellants concede, this hearing date was chosen to permit Appellants to conduct more discovery.

The duration of the TRO was extended by Appellants. Rule 65(b) also provides that "the party against whom the order is directed [may] consent[] that it be extended for a longer period." This extension does not change the character of the order from an unappealable TRO to an appealable preliminary injunction. *See Geneva Assurance*, 964 F.2d at 600. The TRO, when entered, set a date for a hearing on the issuance of a preliminary injunction. The Appellants consented to extending the order beyond the specific date set for its expiration.

Appellants also contend that, with notice, the order was entered after a contested hearing with witnesses and that, therefore, the order cannot be considered a TRO. However, those factors do not change the essential nature of the order, which was entered for a specific short duration pending resolution of the relief sought in United's Complaint. The order clearly contemplated that the TRO would be of a short duration, until a preliminary injunction issue could be heard on the issue. The TRO was then continued by order with the consent of

Appellants and specifically provided:

> Whereas, a preliminary injunction hearing was scheduled to be held on December 15, 2004;
>
> Whereas, the parties have agreed (as stated in open Court on December 8, 2004) that the said temporary restraining order should be continued pending further Order of Court.
>
> IT IS HEREBY ORDERED THAT the Temporary Restraining Order entered on November 26, 2004 shall be continued pending further Order of Court.

(Bankr. Ct. Docket No. 64). As discussed above, Appellants may not convert a TRO into an appealable order by consenting to an extension of the TRO for an indefinite period.

Regarding Appellants' contention that the order is ineffective because it is not endorsed with the hour and date of issuance and does not define the injury and say why it is irreparable, as required by Rule 65(b), these provisions only apply to "[e]very [TRO] granted without notice."

Finally, Appellants assert that serious and potentially irreparable consequences have occurred by preventing Appellants from possessing and disposing of the aircraft that makes the TRO appealable as a matter of right. *See Cent. States, S.E., & S.W. Areas Pension Fund v. Cent. Cartage Co.*, 84 F.3d 988, 991 (7th Cir. 1996) (explaining that orders are appealable as of right if serious and potentially irreparable consequences result from entry of the order). However, Appellants have not identified what irreparable consequences would occur, here or in the bankruptcy court. The bankruptcy court noted Appellants made no showing of an imminent opportunity to dispose of the aircraft.

Based on the above, the TRO is not appealable as a matter of right.

*Exceptional Circumstances*

Under 11 U.S.C. § 158(a)(3), district courts may, at their own discretion, grant parties leave to appeal non-final orders under exceptional circumstances. Courts in the Seventh Circuit apply the standards set forth in 28 U.S.C. § 1292(b) in determining whether to exercise their discretion under § 158(a)(3). *BA Leasing Parties v. UAL Corp.*, 2003 WL 22176068, at * 5 (N.D. Ill. Sept. 15, 2003) ("*BA Leasing*"). Section 1292(b) provides for appellate review of interlocutory orders when "the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation." "Generally speaking, leave to appeal an interlocutory order will not be granted absent exceptional circumstances." *BA Leasing*, 2003 WL 22176068, at * 5 (internal quotations omitted).

Appellants argue that the bankruptcy court lacked subject matter jurisdiction to enter the TRO and that if it did have jurisdiction, that jurisdiction was non-core and required the parties' consent. Appellants also argue that, under 11 U.S.C. § 1110, the bankruptcy court lacked the power to enter the TRO.

However, Appellants have not demonstrated that this appeal will materially advance the ultimate termination of the litigation. An appeal under § 1292(b) "can materially advance the termination of the case only if its disposition is conclusive on the contested issue." *Neal v. Honeywell, Inc.*, 191 F.3d 827, 830 (7th Cir. 1999). The resolution of the narrow issue presented to this Court, the issuance of the TRO pending a disposition of the various contested issues regarding the possession of the aircraft, will not materially contribute to the termination of the litigation between the parties.

7

## **CONCLUSION**

For the foregoing reasons, Appellees' Motion to Dismiss is granted.

Date: March 18, 2005

John W. Darrah, Judge
United States District Court

8